In the Matter of ERNEST ROLPH, an Attorney, Respondent.

First Department, May 12, 1933.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Joseph L. Zoetzl*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, First Department, on January 9, 1911.

By the petition herein he is charged with professional misconduct in that he gave to one Besen, a garageman, a check upon an account which the respondent knew to be closed, and when sued upon said check and upon a check of a third party indorsed by respondent and delivered to the aforesaid garageman, which check also was not paid because of insufficient funds, the respondent interposed a false answer solely for the purpose of delay.

The respondent is further charged with unprofessional conduct in that he falsely represented to a client that a judgment for sixteen dollars costs had been entered in his favor and that the respondent thereafter deliberately failed and neglected to enter judgment for costs, notwithstanding he had been fully paid for his services, until after the matter had been taken up with him by the grievance committee of the petitioner.

The respondent answered and the matter was sent to a referee to take testimony with reference to the charges and to report the same, together with his opinion thereon, to this court.

The learned referee, has duly reported, finding the respondent guilty of the first charge and exonerated him as to the second.

The matter now comes before this court, upon motion of the petitioner that the respondent be adjudged guilty of professional misconduct as charged, and for such other action as the court may deem just and proper.

Taking up first the second charge, it appears that one Gelcher had a default judgment taken against him in the Municipal Court, Seventh District, Manhattan, for some $112. He retained the respondent to vacate this judgment, upon the ground that he had never been served with process. The respondent was paid a retainer of ten dollars, with an agreement that if required to be in court several days he might charge as much as fifty dollars. At the time of the employment of the respondent, the marshal had made a levy at Gelcher's place of business and threatened to close up the place unless the judgment was paid. The respondent succeeded in having the default opened, the case put upon the jury calendar and subsequently, upon a trial, secured a judgment upon the merits in favor of his client. As an incident of the trial by jury, Gelcher had paid a jury fee of six dollars. Notwithstanding the complete success of the respondent in the litigation, Gelcher was unwilling to pay him the balance of forty dollars for his services, in accordance with their agreement. The respondent was insistent upon his rights under the agreement, and thereby appears to have incurred the displeasure of Gelcher. The latter inquired concerning the six dollars jury fee which he had paid. Respondent then told him he had a judgment for sixteen dollars costs which he could collect if he went to a marshal and gave him a dollar. Gelcher consulted a marshal and was advised he would have to obtain an execution from his attorney. Gelcher subsequently ascertained that no judgment for costs had been entered by the respondent. The respondent, in explanation, testified he though the old practice still persisted of the clerk automatically entering the judgment, this being the first case he had had in the central jury part.

The learned referee has reported this explanation to have been fairly and frankly given and worthy of credence. With this finding we are in accord, and hold that there was no intentional misrepresentation by the respondent that a judgment for costs had been entered.

Taking up now the first-mentioned charge, the facts are as follows: Respondent kept his car in the garage of one Besen. He owed

the latter storage amounting to seventy-two dollars and the garage-man claimed additional sums for oil and gasoline, amounting in all to some eighty-five dollars. On May 24, 1930, the respondent gave Besen his check for thirty-five dollars on account, drawn upon the Bank of United States. This check Besen deposited May 28, 1932, in the Corn Exchange Bank, for collection. On May 29, 1930, respondent gave to Besen a second check for fifty dollars made by the Antonnucci Holding Company, a client of respondent, to the order of respondent, and indorsed by the latter to Besen. Both of these checks were refused payment because of insufficient funds. It is claimed by the respondent that the check for fifty dollars was given by him to Besen in place of the check of respondent for thirty-five dollars, because of the non-payment of the latter, the respondent having been disappointed in not receiving certain payments promised by his clients with which he expected to reopen the account upon which the thirty-five dollar check was drawn, which account, the respondent admits, was then closed.

Besen upon his part denied that the fifty-dollar check was given in place of the check of the respondent, but claims it was an additional payment on account of the indebtedness of the respondent. After giving the last-mentioned check, the respondent removed his car from the garage of Besen. In this connection, however, there is no claim that Besen had imposed any restraint upon the use of the car. The respondent testified without contradiction that he was free to take the car out at all times and that he removed it from the garage because he had changed his residence. Upon the non-payment of the fifty-dollar check, Besen sued the respondent upon both checks, demanding judgment in the sum of eighty-five dollars. To this suit the respondent interposed an answer, reading as follows: " Failure of consideration of check of May 24th, 1930; also improper party defendant." In explanation of this answer the respondent testified it meant that the thirty-five-dollar check was eliminated by the giving of the fifty-dollar check, and also because the respondent did not in fact owe as much as eighty-five dollars. The reference to " improper party defendant " was because the maker of the fifty-dollar check was not a party to the action. It appears to be the fact that respondent only owed Besen the sum of seventy-seven dollars and five cents, and he did not oppose a motion for summary judgment in that amount. There is no explanation of the giving of checks aggregating eighty-five dollars in payment of an indebtedness of seventy-seven dollars and five cents other than that offered by the respondent. This explanation is reasonable, and credible, and sustained by the weight of evidence.

It follows, therefore, that the explanation given by the respondent

for the defense of lack of consideration set up is also satisfactorily justified, at least as a partial defense. The respondent apparently attempted to set up by his answer a plea of defect of parties defendant, because the maker of the check for fifty dollars was not included as a party defendant. The action was in the Municipal Court, where there is a lack of formality in the pleadings. There was no attempt by the respondent to use said plea as a means of delay. That it may not be a valid legal defense to the action is not in itself sufficient to subject the respondent to censure. An error upon the part of the respondent as to the legal sufficiency of the plea does not constitute the deliberate interposition of a false answer.

The respondent thus appears to be in the position of having given a check for thirty-five dollars upon an account that he knew to be closed, in the expectation of receiving payments from clients that would enable him to reopen the account in time to take care of the check. Failing this, he indorsed over to his creditor the check of a client received by him in payment for services. This latter check proved to be bad. There is no proof, however, that the respondent had the slightest knowledge that it would not be paid on presentment. There was no relationship of attorney and client involved. The respondent has satisfied in full the claim of Besen. He has been fair and frank in his testimony.

For his conduct in the issuance of the thirty-five-dollar check as aforesaid, he is duly censured.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent censured.